**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JEFFREY TAKADA,

          Appellant,

      v.

DEPARTMENT OF DEFENSE,

          Agency.

DOCKET NUMBER
SF-1221-16-0112-W-1

DATE: October 13, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Amos N. Jones</u>, Esquire, Washington, D.C., for the appellant.

<u>Jennifer Kehe</u>, APO, AP, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b)

## BACKGROUND

¶2        In this IRA appeal, the appellant alleged that the agency retaliated against him for engaging in protected equal employment opportunity (EEO) activity, both on his own behalf and on behalf of others, and for disclosing the agency's violation of the Privacy Act.  Initial Appeal File (IAF), Tabs 1, 5, 11-12.  In his EEO complaint, the appellant alleged that the agency discriminated against him on the basis of his national origin when it denied him the opportunity to compete for an overseas teaching position.   IAF, Tab 9 at 15, 30-32, 63-82.  He alleged therein that his nonselection involved the agency's violation of law in hiring local nationals to teach foreign languages in its overseas high schools.  *Id.* at 65-68. Because the administrative judge determined that the appellant's EEO complaint concerned national origin discrimination and did not itself seek to remedy whistleblowing reprisal, she found that the appellant's EEO complaint did not qualify as protected activity under the Whistleblower Protection Enhancement Act (WPEA), which only extends to claims of reprisal for filing such complaints seeking to remedy a protected disclosure under 5 U.S.C. § 2302(b)(8).  IAF,

Tab 15 at 4 (citing 5 U.S.C. §§ 1221(a), 2302(b)(9)(A)(i); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013)).

¶3      Among the five issues which the administrative judge determined that the appellant had raised before the Office of Special Counsel (OSC), IAF, Tabs 5, 11-12, the administrative judge found that the appellant had made a protected disclosure regarding the agency's violation of 20 U.S.C. § 901(2)(A) concerning the hiring of local nationals to teach in overseas locations, and that he nonfrivolously alleged that the agency failed to select him twice, involving a promotion and a transfer, IAF, Tab 12 at 5, Tab 15 at 3-6.[2]  On the remaining four issues, the administrative judge found that the appellant failed to make the requisite nonfrivolous allegations that the agency took a personnel action or created a hostile work environment.  IAF, Tab 15 at 6-9, Tab 12 at 4-6.

¶4      After holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 28, Initial Decision (ID).  She changed her previous determination that the appellant made a protected disclosure regarding the agency's violation of 20 U.S.C. § 901(2)(A) because she found that her finding reflected too broad a reading of the WPEA.  ID at 6.  Because the appellant only raised that issue in his EEO complaint and failed to identify anyone else to whom he made the disclosure prior to the two personnel actions at issue, she instead found that it was not a protected disclosure under 5 U.S.C. § 2302(b)(8), and therefore may not serve as a basis for Board jurisdiction over his IRA appeal.  ID at 6; *cf. Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 10 (2016) (citing *Miller v. Merit Systems Protection Board*, 626 F. App'x 261, 269 (Fed. Cir. 2015) (finding that the Board lacks jurisdiction over an IRA appeal arising out of disclosures made solely during

[2] Under the second of the five issues raised before OSC, the appellant alleged four such nonselections, but the administrative judge found that because the appellant had not applied for two of the categories of positions he alleged, the agency could not have taken the personnel action of selecting, or nonselecting, him for those positions.  IAF, Tab 15 at 6.

grievance procedures and not separately disclosed to the agency). She also found that because the disclosure in the appellant's EEO complaint did not attempt to remedy a violation of section 2302(b)(8), it was protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), which is not a source of Board jurisdiction over an IRA appeal. ID at 7-8; *see Graves*, 123 M.S.P.R. 434, ¶ 12; *Mudd*, 120 M.S.P.R. 365, ¶ 7. The administrative judge further determined that, even if the appellant made the requisite nonfrivolous allegation of jurisdiction over a protected disclosure regarding the two nonselections, because he also failed to show that the individual with knowledge of his purported disclosure had any input into those selections, he also failed to show that his purported disclosure was a contributing factor in either action. ID at 8-9.

¶5      In his petition for review, the appellant challenges the finding that he failed to nonfrivolously allege that he made a protected disclosure in his EEO complaint, arguing that the administrative judge improperly reversed her prior determination that the disclosure at issue was a protected one. Petition for Review (PFR) File, Tab 1 at 4-6. He also argues that the administrative judge should have found jurisdiction over all five of the issues he raised before OSC, not just on a portion of the second of the five claims, and he challenges her finding that he failed to show that his purported disclosure was a contributing factor in any of the personnel actions he alleged. *Id.* at 6. The agency did not respond to the appellant's petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C.

§ 2302(a).  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014).  Under 5 U.S.C. § 2302(b)(9)(B), it is a protected activity to "testify[] for or otherwise lawfully assist[] any individual in the exercise of any right referred to in subparagraph (A)(i) or (A)(ii)."  Section 2302(b)(9)(A), in turn, covers the protected activities of "the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation – (i) with regard to remedying a violation of paragraph (8); or (ii) other than with regard to remedying a violation of paragraph (8)."

¶7      As noted above, the Board's jurisdiction in an IRA appeal under the WPEA includes claims arising under 5 U.S.C. § 2302(b)(9)(A)(i), but does not include claims arising under 5 U.S.C. § (b)(9)(A)(ii); thus, the appellant's exercise of his right to file an EEO complaint may only be the subject of an IRA appeal if he sought therein to remedy a violation of 5 U.S.C. § 2302(b)(8).  *Mudd*, 120 M.S.P.R. 365, ¶ 7.  Although the administrative judge initially found that the appellant made a nonfrivolous allegation that the agency failed to select him in retaliation for disclosing the agency's violation of 20 U.S.C. § 901(2)(A) involving the hiring of local nationals for certain overseas teaching jobs, she also found that because the appellant's EEO complaint concerned his allegations of national origin discrimination and did not in itself seek to remedy whistleblowing reprisal, the complaint was not protected activity.  IAF, Tab 15 at 5-6.  In her initial decision, the administrative judge found that the appellant's disclosure during the processing of his EEO complaint that the agency violated 20 U.S.C. § 901(2)(A) was protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), which is not a source of Board jurisdiction over an IRA appeal.  ID at 6-9.

¶8      Our review of the appellant's EEO complaint supports this finding.  Although the appellant cited the agency's purported employment of foreign nationals in violation of the statute cited above, he alleged that national origin discrimination, and not whistleblowing reprisal, was the reason for his nonselection.  IAF, Tab 9 at 69-70, 74-77.  Thus, we agree with the

administrative judge that the appellant did not seek to remedy a violation of 5 U.S.C. § 2302(b)(8) in his EEO complaint, and therefore, he failed to establish jurisdiction over his IRA appeal.

¶9    We also agree with the administrative judge that the appellant failed to demonstrate that this purported disclosure was a contributing factor in his nonselections. ID at 8-9. The administrative judge found that the person who the appellant identified as responsible for not selecting him for the positions "unequivocally testified that he does not make personnel recommendations," and the agency's Superintendent for Japan Schools during that time offered corroborative testimony consistent with that assertion regarding the promotion at issue. *Id.* As to the transfer at issue, the administrative judge found that all the agency's witnesses consistently testified that such selections were handled at the headquarters level, and therefore not by the person whom the appellant alleged engaged in reprisal by not selecting him. ID at 9. Although the appellant cites some hard bargaining on the agency's behalf in the settling of his EEO complaint, he fails to show that the agency failed to select him in reprisal for that action. PFR File, Tab 1 at 5, 7-9. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant identifies no such reasons in his petition for review.

¶10    The appellant also alleged that the agency failed to select him in retaliation for providing an affidavit in connection with the EEO complaint of a colleague. Such activity is protected under 5 U.S.C. § 2302(b)(9)(B), over which the Board has jurisdiction in an IRA appeal. *Linder*, 122 M.S.P.R. 14, ¶ 6. However, the administrative judge found that the alleged nonselections did not occur until after the agency learned of this affidavit. ID at 4. We agree. The record reflects that the agency was provided with the appellant's affidavit on June 23, 2015, IAF,

Tab 13 at 9-14, but the nonselections occurred before the end of 2014, ID at 4-5. Thus, the statements contained in the appellant's affidavit, or the affidavit itself, could not have been a contributing factor in the nonselections.

¶11     Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).
If so, and your judicial petition for review "raises no challenge to the Board's
disposition of allegations of a prohibited personnel practice described in
section 2302(b) other than practices described in section 2302(b)(8), or
2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial
review either with the U.S. Court of Appeals for the Federal Circuit or any court
of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your
petition for review within **60 days** of <u>the date of issuance</u> of this decision.
5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for
the Federal Circuit, you must submit your petition to the court at the
following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal
Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular
relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is
contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to
the U.S. Court of Appeals for the Federal Circuit, you may visit our website at
http://www.mspb.gov/probono for information regarding pro bono representation
for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain
whistleblower claims by any court of appeals of competent jurisdiction expired on
December 27, 2017.  The All Circuit Review Act, signed into law by the President on
July 7, 2018, permanently allows appellants to file petitions for judicial review of
MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals
for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.
The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,
132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for
                                                                  Jennifer Everling
                                                                  Acting Clerk of the Board
Washington, D.C.